UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JESSIE BROWN,

    Petitioner,

v.

    Civil No. 2:13-CV-14129
    HONORABLE GERALD E. ROSEN
    CHIEF UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY THE PROCEEDINGS, HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE, AND ADMINISTRATIVELY CLOSING THE CASE.**

William Jessie Brown, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although petitioner does not specifically delineate the state court judgment that he is challenging in his petition, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted in the Berrien County Circuit Court of one count of assault with a dangerous weapon, M.C.L.A. 750.82, one count of first-degree criminal sexual conduct, M.C.L.A. 750.520b, one count of felony-firearm, M.C.L.A. 750.227b, and being a fourth felony habitual offender, M.C.L.A. 769.12. Petitioner has also filed a motion to hold the petition in abeyance to permit him to return to the state courts to exhaust the claims that he wishes to raise in his current habeas application. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the

1

terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state court or courts, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Berrien County Circuit Court. Petitioner's conviction was affirmed on direct appeal. *People v. Brown,* No. 306201, 2012 WL 4899695 (Mich.Ct.App. October 16, 2012); *lv. den.* 493 Mich. 954, 828 N.W.2d 367 (2013). [1]

Petitioner has now filed a instant petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. Whether the 6th Amendment right to counsel was violated by appeal counsel's failure to cite and make any reference to the record in [the appellate] brief according to M.C.R. 7.211.
>
> II. Whether 6th Amendment right to counsel was violated by appeal counsel's failure to cite any record of trial in motion for new trial.

Petitioner has also filed a motion to stay proceedings, so that he can return to the state courts and file a post-conviction motion to exhaust these two claims.

## II. Discussion

The instant petition is subject to dismissal, because petitioner, by his own admission, has yet to exhaust his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust

---

[1] The Court obtained this information from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

2:13-cv-14129-GER-RSW   Doc # 3   Filed 10/02/13   Pg 3 of 6   Pg ID 15

his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Petitioner's claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claim in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings,

provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

In the present case, petitioner's claims do not appear to be "plainly meritless." Petitioner also has good cause for failing to raise his ineffective assistance of appellate counsel claims earlier because state post-conviction review would be the first opportunity that he had to raise these claims in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). The mere fact that petitioner's claims are unexhausted does not prevent this Court from holding his petition in abeyance because "the Supreme Court has indicated that a petitioner may file a "protective" petition meriting a stay under Pace (sic) even where only unexhausted claims are at issue." *Heleva v. Brooks,* 581 F. 3d 187, 192 (3rd Cir. 2009).

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting his state court remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

In order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of the Court's order and returning to federal court within thirty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v.*

*Brigano,* 300 F. 3d 717, 718 (6th Cir. 2002).

Petitioner can exhaust these claims by filing a post-conviction motion for relief from judgment with the Berrien County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III. ORDER

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's motion to hold the petition in abeyance [Court Dkt. Entry # 1], and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to his federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order, if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d at 781. Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002)

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

        s/Gerald E. Rosen  
        Chief Judge, United States District Court

Dated: October 2, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 2, 2013, by electronic and/or ordinary mail.

        s/Julie Owens  
        Case Manager, (313) 234-5135